# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

SEAN HARRIS

    Vs.                             C.A. No.     2014 CA 002539 B

LAVINIA A. QUIGLEY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge MICHAEL O'KEEFE
Date:  April 24, 2014
Initial Conference: 9:30 am, Friday, August 15, 2014
Location:  Courtroom B-52
              510 4th Street, NW
              WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation.  D.C. Code § 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office.   The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Sean Harris
_____
Plaintiff

14 - 0002539

vs.

Case Number _____

Government District Columbia, Atty General
_____
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

William Claiborne
_____
Name of Plaintiff's Attorney

2020 Pennsylvania Ave NW
_____
Address

Ste 395, Wash DC 20006

202 725 6063
_____
Telephone

*Clerk of the Court*

By  Atrina R Redmond
_____
Deputy Clerk

Date  April 24, 2014

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT:  IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                 CASUM.doc

06/06/2014
3:18 pm
m.T

**SUPERIOR COURT OF**
**THE DISTRICT OF COLUMBIA**

RECEIVED
Civil Clerk's Office
JUN 0 6 2014
Superior Court of the
District of Columbia
Washington, D.C.

SEAN HARRIS
1136 McKenna Walk, NW
Washington, DC 20001

Plaintiff,

    v.

Civil Action No: 2014 ca 2539

SGT S. ALLISON
1901 D Street, SE
Washington, DC 20003

and

MAJOR HARGROVE
1901 D Street, SE
Washington, DC 20003

and

E. WALKER
1901 D Street, SE
Washington, DC 20003

and

GOVERNMENT OF THE DISTRICT
OF COLUMBIA
SERVE: Mayor Vincent Grey

Designee: Darlene Fields
441 4th street NW
Suite 600 South
Washington, D.C. 20001
202-724-6507

Page 1
COMPLAINT • HARRIS V. GOVERNMENT OF THE DISTRICT OF COLUMBIA, ET AL

SERVE: Office of Attorney General
Designee: Darlene Fields or Tonia
Robinson or Gale Rivers
Attorney General for the District of
Columbia
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001
202-724-6295

## AMENDED COMPLAINT

## COMPLAINT FOR MONEY DAMAGES WITH JURY DEMAND

1.   This is an action for a judgment for money damages for assault under the common

law and for excessive force under Section 1983 brought by plaintiff Sean Harris against

defendants the Government of the District of Columbia (hereinafter the "District of

Columbia" or the "District") and certain members of the District of Columbia

Department of Corrections ("DOC"), Sgt. S. Allison, Major Hargrove, and E. Walker.

### PARTIES

2.   Plaintiff Mr. Harris is a longtime resident of the District of Columbia.

3.   Defendant government of the District of Columbia is a municipal corporation

capable of being sued under D.C. Code § 1-102.

4.     Sgt S. Allison, Major Hargrove, and E. Walker are employees of the District of Columbia DOC who beat Mr. Harris at the DC Jail in Washington, DC.

5.     At all times Sgt S. Allison, Major Hargrove, and E. Walker were acting within the scope of their employment and pursuant to a policy of the District of Columbia.

6.     For purposes of § 1983 this complaint names Sgt S. Allison, Major Hargrove, and E. Walker in their individual capacities.

## FACTUAL ALLEGATIONS

## INTRODUCTION

7.     On about January 8, 2014 at about 8:00 pm near NE1 … cell 29 in the DC Jail Sgt S. Allison, Major Hargrove, and E. Walker savagely beat Mr. Harris and injured him physically, mentally, and emotionally.

8.     There was no provocation for the beating and force used was in excess of any force needed.

9.     Mr. Harris did not resist.

**Claim 1 – Common law assault claim against individual officers**

10.   Mr. Harris adopts by reference the paragraphs preceding Count 1 as if fully set forth herein.

11.   Sgt S. Allison, Major Hargrove, and E. Walker savagely beat Mr. Harris and injured him physically, mentally, and emotionally.

12.   The assault of Mr. Harris was against his will and was not lawful or justified.

13.   As a direct and proximate result of this assault, Mr. Harris suffered loss of liberty and physical injuries and emotional distress and mental injuries, and will continue to suffer physical injuries and emotional and mental distress.

**Claim 2 -- Common law assault claim against District of Columbia**

14.   Mr. Harris incorporates herein the preceding paragraphs.

15.   The District is liable in **respondeat superior** for the conduct of its officers named above (Sgt S. Allison, Major Hargrove, and E. Walker) in assaulting Mr. Harris against his will and without justification.

16.   At all relevant times its agents, its officers named above, were acting within the scope of their employment pursuant to an official policy or practice of the DOC, the Mayor and the City Council.

17.    As a direct and proximate result of this assault, Mr. Harris suffered loss of liberty

and physical injuries and emotional distress and mental injuries, and will continue to

suffer physical injuries and emotional and mental distress.

**Count 2 – 42 U.S.C. § 1983; Fourth Amendment claim against individual officers**

18.    Mr. Harris adopts by reference the preceding paragraphs as if fully set forth

herein.

19.    Sgt S. Allison, Major Hargrove, and E. Walker assaulted Mr. Harris and used

excessive force against him in violation of his Constitutional rights under the Fourth

Amendment.

20.    The assault and violation of Mr. Harris's Fourth Amendment rights was against

his will and was not lawful or justified.

21.    None of Sgt S. Allison, Major Hargrove, or E. Walker was justified in beating Mr.

Harris because he did not resist.

22.    In beating Mr. Harris, Sgt S. Allison, Major Hargrove, and E. Walker acted

intentionally or maliciously, unjustifiably, and unreasonably in violation of Mr. Harris's

well-established right under the Fourth Amendment to the United States Constitution to

be free from excessive force.

23.    As a direct and proximate result of this assault, Mr. Harris suffered loss of liberty and physical injuries and emotional distress and mental injuries, and will continue to suffer physical injuries and emotional and mental distress.

## RELIEF DEMANDED

Mr. Harris respectfully requests that this Court grant him the following relief:

A.    Enter a judgment in favor of plaintiff in the amount of $100,000.

B.    Enter a judgment awarding plaintiffs attorneys' fees and costs incurred in bringing this action under 42 U.S.C. § 1988; and

C.    Grant such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579

Counsel for Mr. Harris

2020 Pennsylvania Ave, NW
#395
Washington, DC  20004
Phone 202/824-0700
Email claibornelaw@gmail.com

## JURY DEMAND

Plaintiffs demand a jury of six as to all claims so triable.

/s/William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579
Counsel for Plaintiff

# SUPERIOR COURT OF
# THE DISTRICT OF COLUMBIA

SEAN HARRIS
1136 McKenna Walk, NW
Washington, DC 20001

Plaintiff,

    v.

LAVINIA A. QUIGLEY
1901 D Street, SE
Washington, DC 20003

and

ALBERT SABIR
1901 D Street, SE
Washington, DC 20003

and

HINA L. RODRIGUEZ
1901 D Street, SE
Washington, DC 20003

and

GOVERNMENT OF THE DISTRICT
OF COLUMBIA
SERVE:
Vincent Gray, Mayor
1350 Pennsylvania Avenue NW
Suite 316
Washington, D.C. 20004

SERVE: Darlene Fields

14 - 0 0 0 2 5 3 9

Civil Action No:

RECEIVED
Civil Clerk's Office
APR 2 4 2014
Superior Court of the
District of Columbia
Washington, D.C.

Page 1
COMPLAINT • HARRIS V. GOVERNMENT OF THE DISTRICT OF COLUMBIA, ET AL

4.      At all times Sgt S. Allison, Major Hargrove, and E. Walker were acting within the scope of their employment and pursuant to a policy of the District of Columbia.

5.      For purposes of § 1983 this complaint names Sgt S. Allison, Major Hargrove, and E. Walker in their individual capacities.

## FACTUAL ALLEGATIONS

## INTRODUCTION

6.      On about January 8, 2014 at about 8:00 pm near NE1 … cell 29 in the DC Jail Sgt S. Allison, Major Hargrove, and E. Walker savagely beat Mr. Harris and injured him physically, mentally, and emotionally.

7.      There was no provocation for the beating and force used was in excess of any force needed.

### Claim 1 – Common law assault claim against individual officers

8.      Mr. Harris adopts by reference the paragraphs preceding Count 1 as if fully set forth herein.

9.      Sgt S. Allison, Major Hargrove, and E. Walker savagely beat Mr. Harris and injured him physically, mentally, and emotionally.

10.    The assault of Mr. Littlepage was against his will and was not lawful or justified.

11.    As a direct and proximate result of this assault, Mr. Harris suffered loss of liberty and physical injuries and emotional distress and mental injuries, and will continue to suffer physical injuries and emotional and mental distress.

**Claim 2 -- Common law assault claim against District of Columbia**

12.    Mr. Harris incorporates herein the preceding paragraphs.

13.    The District is liable in **respondeat superior** for the conduct of its officers named above (Sgt S. Allison, Major Hargrove, and E. Walker) in assaulting Mr. Harris against his will and without justification.

14.    At all relevant times its agents, its officers named above, were acting within the scope of their employment pursuant to an official policy or practice of the Mayor and the City Council.

15.    As a direct and proximate result of this assault, Mr. Harris suffered loss of liberty and physical injuries and emotional distress and mental injuries, and will continue to suffer physical injuries and emotional and mental distress.

**Count 2 – 42 U.S.C. § 1983; Fourth Amendment claim against individual officers**

16.     Mr. Harris adopts by reference the preceding paragraphs as if fully set forth herein.

17.     Sgt S. Allison, Major Hargrove, and E. Walker assaulted Mr. Harris and used excessive force against him in violation of his Constitutional rights under the Fourth Amendment.

18.     The assault and violation of Mr. Harris's Fourth Amendment rights was against his will and was not lawful or justified.

19.     Detective Quigley was not justified in ordering the arrest of Mr. Littlepage because she knew the "pipe" was not his and that he had no knowledge of it and neither she nor any of the other officers saw him in possession of it.

20.     Albert Sabir and Hina L Rodriguez were not justified in arresting Mr. Littlepage because they knew the "pipe" did not belong to him and they did not see it in his possession.

21.     In arresting Mr. Harris, Sgt S. Allison, Major Hargrove, and E. Walker acted intentionally or maliciously, unjustifiably, and unreasonably in violation of Mr. Littlepage's well-established right under the Fourth Amendment to the United States Constitution to be free from excessive force.

22.   As a direct and proximate result of this assault, Mr. Harris suffered loss of liberty

and physical injuries and emotional distress and mental injuries, and will continue to

suffer physical injuries and emotional and mental distress.

### RELIEF DEMANDED

Mr. Harris respectfully requests that this Court grant him the following relief:

A.   Enter a judgment in favor of plaintiff in the amount of $100,000.

B.   Enter a judgment awarding plaintiffs attorneys' fees and costs incurred in bringing

this action under 42 U.S.C. § 1988; and

C.   Grant such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579

Counsel for Mr. Harris

2020 Pennsylvania Ave, NW
#395
Washington, DC  20004
Phone 202/824-0700
Email claibornelaw@gmail.com

## **JURY DEMAND**

Plaintiffs demand a jury of six as to all claims so triable.

/s/ William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579
Counsel for Plaintiff